UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JASON PERRY, a/k/a J-Hog, ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-64-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| KEN MOBLEY, Jailer, Whitley County ) | **&** |
| Detention Center, *et al.*, ) | **ORDER** |
| ) | |
| Defendants. ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

Jason Perry is an individual incarcerated in the Otter Creek Correctional Complex in Wheelwright, Kentucky. Perry, proceeding without an attorney, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Ken Mobley, Jailer of the Whitley County Detention Center, Pat White, Judge Executive of Whitley County, Kentucky, and Jerry Davis, Manager of the Whitley County Road Department/County Garage. The Court has reviewed the Complaint, and concludes that Perry's claims, arising from injuries he sustained in a June 11, 2006 accident while on work release from the Whitley County Jail, are barred by the statute of limitations, and must be dismissed.

**I.**

The Court conducts an initial review of complaints filed by prisoners against government officials, and those where the Court has granted a motion to waive the filing fee or to pay it in installments. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Where the plaintiff does not have an attorney, the Court's review of the

complaint is less stringent than it is for a complaint drafted by an attorney. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Perry alleges that on June 11, 2006, he was released from the Whitley County Jail on a work-release program. His job was to cut railroad beams and load them onto a flatbed truck. He states that while performing this job, a railroad beam snapped, hit him, and broke his leg, which required multiple surgeries to repair. Perry alleges that his leg became infected with staph bacteria after his second surgery, and ultimately, his leg was amputated below the knee. Perry claims that the defendants were negligent in permitting him to be assigned to the job he was performing during work-release, resulting in this serious injury. [R. 2 at 2-4.]

Perry signed the Complaint he filed in this case on February 21, 2011. [R. 2 at 9.] Assuming he placed it in the prison mail the same day, the "prison mail-box" rule stipulates that his Complaint is deemed filed on that day. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988). The incident about which Perry complains occurred on June 11, 2006, more than four and one-half years prior to the filing of the complaint.

## II.

In his complaint, Perry does not identify the nature of his claim against the defendants, indicating only that they were negligent and that he seeks compensatory damages. [R. 2 at 5, 9.] This charge might be construed as asserting a claim that the jail and county officials were deliberately indifferent to concerns regarding workplace safety, a violation of the Eighth Amendment. *Cf. Jones v. Michigan*, 698 F. Supp. 2d 905, 914 (E.D. Mich. 2010) ("To show deliberate indifference to workplace safety, prisoners must show that prison officials "knowingly

2

compel[led them] to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.") (*quoting Ray v. Mabry*, 556 F.2d 881, 882 (8th Cir. 1977)). However, a federal civil rights claim arising out of conduct occurring in Kentucky must be filed within one year after the events giving rise to the claim. Ky. Rev. Stat. 413.140(1)(a); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Perry was injured on June 11, 2006, and he was required to assert any federal civil rights claim by June 11, 2007. Any such claim filed in his February 11, 2011, complaint is therefore time-barred.

Perry's allegations could be intended to assert negligence under Kentucky law. However, this Court lacks jurisdiction to entertain such a claim where the plaintiff and defendants are residents of the same state. 28 U.S.C. § 1332. The Court, therefore, will dismiss any claims arising under Kentucky law for lack of subject matter jurisdiction, without prejudice to any right Perry may have to assert them in another forum.

Accordingly, **IT IS ORDERED** as follows:

(1) The federal civil rights claims asserted by plaintiff Jason Perry pursuant to 42 U.S.C. § 1983 [R. 2] against defendants Ken Mobley, Jailer, Whitley County Detention Center, Pat White, Judge Executive, Whitley County, Kentucky, and Jerry Davis, Manager, Whitley County Road Department/County Garage are **DISMISSED WITH PREJUDICE**.

(2) Any claims under state law arising from the facts described in the complaint are **DISMISSED WITHOUT PREJUDICE.**

(3) All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the docket.

(4) Judgment in favor of the named defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This 30th day of May, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge